Romallus O. MURPHY; David M. Dansby, Jr., Appellants,

and

Veamarea Coble, Plaintiff,

v.

The CHARLOTTE MECKLENBURG HOSPITAL AUTHORITY, Defendant–Appellee,

and

Carolinas Health Systems, Incorporated, Defendant.

___

* The parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c)

(2001).

James A. Dickens, Appellant,

v.

Veamarea Coble, Plaintiff–Appellee,

and

The Charlotte Mecklenburg Hospital Authority, Defendant–Appellee,

and

Carolinas Heath Systems, Incorporated, Defendant.

Veamarea Coble, Plaintiff–Appellant,

v.

The Charlotte Mecklenburg Hospital Authority, Defendant–Appellee,

and

Carolinas Heath Systems, Incorporated, Defendant.

Nos. 01–1538, 01–1539, 01–1540.

United States Court of Appeals, Fourth Circuit.

Submitted Sept. 21, 2001.

Decided Nov. 6, 2001.

Veamarea Coble, pro se. Romallus O. Murphy, David M. Dansby, Jr., James Antone Dickens, Jr., Law Offices of James A. Dickens, Greensboro, NC, for appellants. David Lee Terry, Robert Blakeney Meyer, McGuirewoods, L.L.P., Charlotte, NC, for appellee.

Before WILKINS, LUTTIG, and TRAXLER, Circuit Judges.

PER CURIAM.

Romallus O. Murphy, David M. Dansby, Jr., James A. Dickens, and Veamarea Coble appeal from the magistrate judge's order granting in part Defendant's motion for attorneys' fees and costs in this employment discrimination action.* We have reviewed the record and the magistrate judge's order and find no reversible error. Accordingly, we affirm on the reasoning of the magistrate judge. *Coble v. Charlotte Mecklenburg Hosp. Auth.*, No. CA–99–236–3–H (W.D.N.C. filed Mar. 13, 2001; entered Mar. 15, 2001).

---

* The parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c) (1994).

To the extent that Coble seeks to appeal the magistrate judge's previous order granting Defendant's motion for summary judgment on her complaint, we find that Coble's notice of appeal as to that order was not timely filed. Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, *see* Fed. R.App. P. 4(a)(1), unless the district court extends the appeal period under Fed. R.App. P. 4(a)(5) or reopens the appeal period under Fed. R.App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." *Browder v. Director, Dep't of Corr.*, 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) (quoting *United States v. Robinson*, 361 U.S. 220, 229, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960)).

The magistrate judge's order was entered on the docket on December 7, 2000; therefore, it was incumbent upon Coble to file her notice of appeal within thirty days of the court's order, i.e., January 8, 2001. Coble did not file her notice of appeal until April 12, 2001. We therefore dismiss her appeal as to that order for lack of jurisdiction.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*